# IN THE COURT OF APPEALS OF IOWA

No. 24-1545
Filed January 9, 2025

**IN THE INTEREST OF M.S.,**
**Minor Child,**

**S.S., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Floyd County, Elizabeth Batey, Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Ann M. Troge, Charles City, for appellant mother.

　　Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

　　Jamie L. Schroeder, Shell Rock, attorney and guardian ad litem for minor child.

　　Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of a mother and the putative father to a child born in 2022. Only the mother appeals. She challenges the statutory grounds for termination, claims termination is not in the child's best interests, and argues we should apply a permissive exception to termination and instead establish a guardianship for the child.

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process that involves determining if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). As the mother has challenged each step, we address all three.

Starting with the first step, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2024). Section 232.116(1)(h) permits termination upon clear and convincing proof that (1) "[t]he child is three years of age or younger"; (2) "[t]he child has been adjudicated a child in need of assistance"; (3) the child has been removed from the physical custody of the parents for at least six of the last twelve months; and (4) the child cannot be returned to the custody of the parent.

The mother only challenges the fourth element on appeal—whether the child could have been safely returned to her custody at the time of the termination hearing. *See id.* § 232.116(1)(h)(4); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that "at the present time" means at the time of the termination hearing). This child came to the attention of the Iowa Department of Health and Human

Services when she tested positive for methamphetamine at birth due to the mother's use of the drug while pregnant. Since that time, the mother has followed a pattern of having periods of sobriety followed by relapse. The mother has tested positive for methamphetamine five additional times, most recently about three months before the termination hearing held in August 2024. She admitted to relapsing only once in 2023, but she provided no explanation for the subsequent positive tests. Based on this evidence, we conclude the mother's methamphetamine use remains unresolved. *See In re M.D.*, No. 23-1137, 2023 WL 6290679, at *1 (Iowa Ct. App. Sept. 27, 2023) (collecting cases recognizing a parent is likely to use an illegal drug in the future given long history of relapses). And "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children." *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020). That is particularly true when the child is too young to self-protect, as is this child. We agree with the juvenile court that the child could not be safely returned to the mother's custody at the time of the termination hearing.

Next, we address the mother's claim that termination is not in the child's best interests. When making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). While the mother has demonstrated parenting skills and has a stable home and employment, her methamphetamine use remains unresolved. Most concerning, the mother has a history of adeptly concealing her

relapses from those around her, which prevents third parties from knowing when to step in to protect the child. And the child's safety is our paramount concern when making a best-interests determination. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (describing safety as the defining element of the best-interest analysis). So we conclude termination is in the child's best interests.

Finally, the mother contends that we should apply a permissive exception to preclude termination and instead establish a guardianship for the child. It is the mother's burden to prove an exception should be applied. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). The mother does not specifically identify what exception she seeks to invoke, but she references her bond with the child—implicating section 232.116(3)(c). This exception gives the court discretion to forgo termination when the bond between parent and child is so strong that "termination would be detrimental to the child." Iowa Code § 232.116(3)(c). However, the mother presented no evidence at the termination trial, relating to the parent-child bond or otherwise, so she has not carried her burden to prove a permissive exception to termination. And from our review of the record, it is apparent there is a parent-child bond, but it is not of such magnitude that termination will be manifestly detrimental to the child.

As to the mother's contention that the child would be better served by a guardianship rather than termination, we disagree. "[A] guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017). And a guardianship is a particularly poor option when the child is too young to express an informed preference. *A.S.*, 906 N.W.2d at 478. This

child's age—less than three years old at the time of the termination hearing—weighs against a guardianship. *See id.* Guardianships inherently provide less stability for a child than termination and adoption, particularly for a child this young. We echo the social worker's concerns that if a guardianship were established, the mother may again conceal her drug use and attempt to terminate the guardianship. A guardianship is simply not a viable option in this instance.

We affirm the juvenile court's decision to terminate the mother's parental rights.

**AFFIRMED.**